UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CCE, INC., | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) |
| ACUITY, A MUTUAL INSURANCE COMPANY | ) Case No. _____ |
| | ) |
| and | ) |
| | ) |
| ASSURED NL INSURANCE SERVICES, INC., | ) |
| | ) |
| DEFENDANTS. | ) |

## NOTICE OF REMOVAL

Defendants, Acuity, a Mutual Insurance Company ("Acuity"), and Assured NL Insurance Services, Inc. ("NL"), pursuant to 28 U.S.C. 1332(a)(1) and 28 U.S.C. 1441(a), hereby remove to the United States District Court for the Southern District of Indiana, New Albany Division, the action captioned *CCE, Inc. v. Acuity, a Mutual Insurance Company, and Assured NL Insurance Services, Inc.*, Case No. 22C01-1712-PL-001770, from Floyd Circuit Court. As grounds for removal of this action, Defendants state as follows:

1. On December 21, 2017, Plaintiff filed a Complaint in Floyd Circuit Court, Indiana. Defendant NL was served and received a copy of Plaintiff's Complaint on December 26, 2017. As of this filing, Defendant Acuity has not been served. Copies of all process and pleadings in said action are attached hereto in accordance with 28 U.S.C. 1446(a) as <u>Exhibit A</u>.

2. According to the allegations set forth in Plaintiff's Complaint, Plaintiff is at the time of filing this Notice Removal and was at the commencement of Floyd Circuit Court Case

No. 22C01-1712-PL-001770 a corporation organized and operating under the laws of the State of Indiana.

3. Defendant Acuity is now and was at the commencement of this action a foreign company organized and operating under the laws of Wisconsin and is, therefore, a citizen of Wisconsin.

4. Defendant NL is now and was at the commencement of this action a foreign for-profit corporation organized and operating under the laws of Delaware and is, therefore, a citizen of Delaware.[1] *See* Indiana Secretary of State Business Details Sheet, attached hereto as <u>Exhibit B</u>.

5. This action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. 1332(a)(1) and is one that may be removed to this Court pursuant to 28 U.S.C. 1441(a). This is an action between citizens of different states.

6. Plaintiff has alleged claims of breach of contract and negligence against Defendants, alleging that damage to certain property owned by Plaintiff is a covered loss under the insurance policy attached to Plaintiff's Complaint and Defendants have breached their contractual obligations under said policy in not issuing payment on Plaintiff's claim thereunder. (Complaint, ¶ 7–12). Plaintiff further alleges that Defendants "negligently failed to procure, provide, and/or maintain insurance for CCE which was sufficient to cover the loss and/or losses at issue[.]" (Complaint, ¶ 15).

7. Plaintiff's claimed damages include "the cost of repair of the damages to the Subject Property (including the Subject Property roof, any other exterior portion thereof, any interior portion(s) of the structure, and any personal property or trade-fixtures that have been

---

[1] Plaintiff's Complaint incorrectly avers that NL is a "for-profit, domestic Indiana corporation, duly organized under the laws of the State of Indiana." (Complaint, ¶ 3).

subsequently damaged as a result of the weather event and the Defendants [sic] refusal to pay amounts due to fix the original damage to the Subject Property), clean up costs, consequential damages, expenses incurred by CCE, contractual damages, attorney's fees, and any other compensatory damages allowable under Indiana law." (Complaint, ¶ 13, p. 3).

8. According to an estimate provided to Defendant Acuity by a contractor selected by Plaintiff, the repair work sought by Plaintiff will cost $93,051.53. *See* Estimate attached hereto as Exhibit C. This estimate is exclusive of Plaintiff's claim for other expenses, attorney's fees, contractual damages, and compensatory damages.

9. The law of this Circuit states that:

> A defendant who removes a suit in which the complaint lacks an *ad damnum* must establish a "reasonable probability" that the amount in controversy exceeds $75,000. The burden of persuasion rests on the removing party. . . . A removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold.

*Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006) (citations omitted). "[O]nce the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Oshana v. Coca-Cola, Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006). Based upon the averments in the Complaint and the estimate supplied by Plaintiff's contractor, Plaintiff clearly seeks in excess of $75,000.00 in damages, exclusive of interests and costs. The amount-in-controversy requirement for diversity jurisdiction is, therefore, satisfied.

10. This Notice of Removal is filed within thirty (30) days after Defendant NL received a copy of Plaintiff's Complaint on December 26, 2017, as required by 28 U.S.C. 1446(b).

11. Accordingly, removal is proper and this Court has original jurisdiction over this action because the parties are citizens of different states and it has been established that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

12. A copy of this Notice of Removal will be filed with the Clerk for the Floyd Circuit Court and served upon other counsel of record.

> Respectfully submitted,
>
> /s/ Edward M. O'Brien
> Edward M. O'Brien, Attorney # 32092-39
> Wilson Elser Moskowitz Edelman & Dicker
> 100 Mallard Creek Road, Suite 250
> Louisville, KY  40207
> 502.238.8500
> 502.238.7995 (facsimile)
> edward.o'brien@wilsonelser.com
> *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and accurate copy of the same was served via certified U.S. Mail upon the following counsel of record:

Robert G. Bottorff II
Bob Bottorff Law PC
705 East Court Avenue
Jeffersonville, IN 47130-3907
*Counsel for Plaintiff*

> /s/ Edward M. O'Brien
> *Counsel for Defendants*